Good morning. I'm Claude Ingram and I represent the appellant in this case. In this case, the defendants are members of the Oregon State Board of Nursing and they issued a suspension of the plaintiff's nursing license without a hearing. Now, we recognize that in certain circumstances, whether there is an emergency or a need for immediate action, that it can be done without a hearing as provided that there is post-termination procedures that are adequate. We submit that the documentation in this case does not show that there was a need for immediate action and also that the post-termination hearing procedures are not adequate in this case. First, with regard to the need for immediate action, there was essentially two at the time that they issued the first order. There was three people involved. One of them had recanted their state. Okay, so let me just understand. You're making an argument that they didn't comply with their own procedures and then you're also saying that their procedures were inadequate? Their post-hearing was inadequate and insufficient. Why is this a Section 1983 claim? What? Why is this a Section 1983 claim? Because they didn't follow the due process to give him a pre-deprivation hearing. They didn't follow the state procedures? Because there are state procedures in place and that's what you're addressing? No, the federal procedures, the due process required before you deprive anyone of their property a hearing or an opportunity of a hearing. If there is an emergency or a need for immediate action, you can provide a hearing, a post-deprivation hearing. We submit in this case that it's a violation of due process because they did not provide him with a pre-deprivation hearing and that there was no need for immediate action. Okay, and taking that point, just holding that for a minute, I'm just curious, the same question that Desmond Kuhn raised. What is the faultiness, if you will, in the post-deprivation hearing process? Because you said if they had established the emergency, they could do it. So what is faulty then about the post-deprivation process? Okay, there's two possible remedies after that under the state law. One, Morgan has a tort claims law. It has a cap on the damages that can be recovered. In a property damage case, it's $50,000. In all other cases, $100,000. What they did when they revoked his license was essentially an economic deficit to him. His medical practice was gone and he lost all of his patients, his staff, and everything. He couldn't practice. He's through. And the practice that he built up over the years was worth a lot of money to him, reduced his income. Let me ask, I understand what his loss is and his concern is. Is your argument that because there's a cap on damages that that's a due process violation? Well, no. It means that that part of the post-deprivation hearing is not an adequate remedy. Okay. And you said there was a second problem with it? The second thing is that Oregon does have an appeal procedure. Now, the plaintiff in this case filed a request for hearing five days after the order was suspended. It was assigned to an independent law judge. Now, I asked for permission to amend the complaint. If I would have been permitted to amend the complaint, I could have alleged the following. One, that it was, in fact, appealed. That they then issued three additional amended emergency orders. One of them was issued after the hearing had been started on July 25, and then it was continued until August 9. That we got a favorable decision from the administrative law judge in September. That they still did not give him back his license. In February, rather than following the state procedures, in February, they issued another order in which they made findings that essentially overturned the administrative law judge. That in that process, that the findings that were prepared, that the prosecutor, before the administrative law judge, participated in the proceedings, in the deliberations, and in helping preparing the findings that they eventually issued. In other words, they let the prosecutor into the jury room outside the presence of the defendant, or the plaintiff in this case, in the claimant. Can I just ask you, was this part of the administrative hearing, or was this a jury proceeding at that point? No, this was in the administrative proceedings. Okay, I just wanted to make sure we're still in the administrative process. So your complaint there is that the administrative process permitted the prosecutor to basically get in bed with the ALJ or the appeals board. That's correct. And you weren't allowed to allege this because you were denied the right to amend the complaint? That's correct. And so you would have been able to show that you exhausted your administrative remedies? I would be able to show that we exhausted our administrative remedies, and the administrative remedies that they provided violated due process by letting the prosecutor participate in the, well, he was the advisor for the board. He was the prosecutor. He was their advisor. He participated in their deliberation. Okay, so just to try to narrow this down, it's not so much the process of the appeal that you challenge. It's the relationship between the prosecutor and the decision maker, and that is your due process claim. Yes. So if you were permitted in federal court to amend your complaint, you would make that complaint. Did you make that complaint in the administrative process? The administrative process is still going on. It's on appeal to the Oregon Court of Appeals, and that has been raised in that process. Why should we? Okay, that's helpful. So why should the Ninth Circuit or the district court proceed with this case if you have the same claim in effect on appeal to the Oregon State Courts right now? Because the administrative remedy that was provided did not meet the requirements of due process, and that's a federal 1983 violation. But is that what the Oregon Court of Appeals has in front of it now, whether that's a due process violation? They have that before them. As one of the things. Yes. So if the Oregon Court of Appeals were to agree with you and say that the process that is provided is corrupted by the dual role of the board advisor also acting as prosecutor, and therefore that state remedy is flawed, that would leave you with a declaration that the process you got was inadequate. Would you then be able, under Oregon law, to recover the damages that you're seeking through the 1983 action? No. The reason that it wouldn't is that under Oregon's court claim law, we've got the cap. I see. So that's where you run into your problem. That's where we run into that problem. Now, let's say that the Oregon court, I assume your claim in Oregon court is both under the state administrative procedure law as well as the state constitution and the federal constitution. Is that right? The Oregon administrative rules are under Oregon statutes. Right, but your challenge in state court, is that under both federal and state due process? I am not handling it. Another attorney is handling that part. Because I guess what I'm wondering is if you lose in the Oregon Court of Appeals and they say no, it's not a due process violation, then I'm not sure that the federal court can come back and say it is a due process violation. I think they could. They could say it is a due process violation under the federal law. And that's what this action is for. Okay. Your time has expired. Why don't we hear from Oregon. I understand. Why don't we hear from Oregon and try to sort out the details of the procedures. You'll have a moment for rebuttal when she finishes. All right? You may sit down. Okay. May it please the court, Denise Fjordback on behalf of the nursing board defendants. I would like to address the amendment issue first. Just in terms of timing, at the time that the district court here issued its decision, the administrative process was ongoing. There was no final order from the board yet. And so obviously counsel could not have alleged that the board had somehow violated its civil rights. However, at the time of the proceedings below, counsel never suggested to the court what an amended complaint might consist of. So the court had no way to test. As far as the court was informed at that time, the only claim that existed and could be made was the claim that it had before it. And the court was not advised of what an amended claim might consist of. And so let me just also ask you, at the time that the district court heard this then, there was no final board order, which meant there also was no appeal filed at that point. Right. The appeal had not yet been filed because the final board order had not yet been issued. What is your understanding of the constitutional violation that occurred here? That is a very good question. We have two points. First of all, we don't believe that a pre-deprivation hearing is required when these kind of allegations are made against a medical treatment provider. Essentially, the plaintiff's point is that you knew about two of these allegations several months ahead of time. You didn't do anything. Therefore, it somehow was not a true emergency. First of all, the requirement that there be an emergency in order to issue this order is purely a state law requirement. Right. Isn't there a state procedure for pre-deprivation hearings and post-deprivation hearings? Would that be adequate? It is an adequate remedy, and let me address that directly. First of all, this was an emergency suspension, and so there was no- It was an emergency because it was called an emergency. An emergency, we contend, because of the circumstances. The plaintiff does not dispute that these complaints were, in fact, made. So the question then becomes what does the board do when it now has three allegations of sexual misconduct against someone who is licensed and is practicing in a solo practice unsupervised? At that point, the plaintiff had some options. Oregon law does provide that when an agency is acting without probable cause, that you can go to court and get an injunction. There's a statute, Oregon Revised Statutes 183.480 sub 3, that provides for that remedy. That remedy was not exercised here, and so that was a potential even before the contested case hearing. That was one option. What was the other option? The other option was to request a hearing and to get the full then post-deprivation hearing. There's no claim here. I'm talking about pre-deprivation. I just want to make sure I understand the structure. If I think that I'm being unfairly accused and it's not an emergency, how do I challenge it? A, I can bring an injunction proceeding, and B, to get it before you act. Before the hearing, I think that that is probably it. Okay, so then after the board takes its emergency action, then I'm under the 90-day whatever. You have 90 days to request a hearing. The plaintiff did that right away. Could you go to court for an injunction at that point, arguing there's no emergency? What the statute provides is that if the agency is acting without probable cause or the person is suffering substantial and irreparable harm from the agency's action, then the person can ask the court to take an interlocutory action. That is the remedy that's provided there. The allegations in the complaint here are, in essence, that the board had no probable cause, no cause at all to do the suspension of it, that there was no emergency. That is a claim that could have been made under that statute. That wasn't done. Instead, we had this case filed, and at the same time, the administrative processes were ongoing. So if the board acts precipitously and is found by an Oregon court or the administrative process that they acted precipitously, they acted without, as it turns out, real evidence to suspend the license. And by the time all this happens, the plaintiff has been put out of his profession and suffered pretty monumental damages. What's his remedy then? Well, of course, it depends somewhat on how quickly the plaintiff acts. If the plaintiff has the option of the statute. How quickly the adjudicated authorities act, too. Well, if you request a temporary restraining order and preliminary injunction, you will get a hearing relatively quickly. That's on the pre-deprecation. That's the way you say it. Right, that's on the front end. Just let's assume that he isn't somehow legally stopped or something because he didn't seek the injunction. I'm asking what happens in terms of trying to address his first remedy there. If he has a package at the end of this administrative process that says, yes, he was deprived in an unconstitutional manner of his livelihood and suffered severe damage that wasn't enjoined at the front end. What's his remedy then under Oregon law? Well, as counsel says, his remedy under the tort claims act is capped. On the other hand, if, as the plaintiff alleges, these folks acted entirely outside of the scope of their jurisdiction, there is at least a potential that they could be sued in their individual capacity. And if that were the case, then obviously there would be no such limitation. And in terms of the kinds of claims that could be made, certainly a claim for wrongful initiation of the administrative proceedings is a possibility. The civil analog to malicious prosecution. An intentional interference with emotional distress claim is a possibility. An interference with contract claim might be a possibility. Or simply, and this would be within the tort claims act, a negligence claim for negligence in, as the plaintiff alleges, failing to investigate. And that's where the cap comes in under the tort claims. That is where the cap would come in. So are you saying that he had adequate remedies under state law? He did have adequate remedies under state law, both because he was provided with a swift post-deprivation hearing and full process there, and now with an appellate process, and because he does have his tort remedies and potentially given his allegations against the individual board members. Now, we're not saying, and we would not admit that such a claim would be successful, obviously. We believe that the board had both the authority and the factual predicate to suspend his license on an emergency basis. But those remedies do exist. I'm trying to get the timing of this. When he filed his complaint, there had been an emergency order issued, but no final order. Is that correct? That's correct. I'm also handling the other case. The timing, as I recall, was that the board started its hearing the end of July 2002 and completed it in August 2002. A proposed order was issued by the hearing officer, I believe about September. And the court's order here, I believe, was in October. In addition to a motion to dismiss, did you ask for a stay or extension? Was that part of your motion? That was not raised below, and I don't know why not, quite frankly. One of the problems I have in this case is on a motion to dismiss. And how much of what we're hearing today was properly before the district court? Well, what was properly before the court, because they were referred to in the complaint, were the board orders, the emergency suspension orders. I thought it was just the one. There were three orders, weren't there? There were ultimately three orders, yes. And there was only the one order that was referred to, I thought, in the complaint. And then the subsequent orders, I think, were referred to by the State of Oregon in the motion to dismiss. That might well be. The court did take judicial notice of, I believe, all three of those orders. The district court. The district court did, as acts of an administrative agency. But I think you're correct that in terms of what was referred to in the complaint, it was only the original suspension order with the complaints of three patients. My time is up. Thank you. Unless the court has further questions. No, thank you. Your time has expired, but I'll give you one minute of rebuttal if you'd like to take that. No, Your Honor. All right. Thank you. The case of Corcoran v. Olson is submitted.
judges: McKeown, Fisher, Gonzalez